UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLOYD J. MCGRONE,                           :
                                            :
    Plaintiff,                              :       Civil Action No.:     21-472 (RC)
                                            :
v.                                          :       Re Document Nos.:     10, 11, 15, 16
                                            :
LLOYD J. AUSTIN, III,                       :
                                            :
    Defendant.                              :

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION TO TRANSFER OR DISMISS AND FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR DISCOVERY WITHOUT PREJUDICE

### I. BACKGROUND

The Court recounts only the background necessary to understand its decision to transfer this case to the Eastern District of Virginia. Plaintiff Floyd. J. McGrone, "a Black African American male," began working for the Department of Defense ("DOD") in 2008 in Dallas, Texas as a Transportation Assistant responsible for coordinating transportation of new recruits to basic training duty stations. Compl. ¶¶ 5, 8. In 2012, he transitioned to another position in Texas, this time with the Department of Veterans Affairs ("VA") as a Transportation Coordinator at the Temple, Texas VA Medical Center. *Id.* ¶ 13. He then worked as a Health Technician at the Denver, Colorado VA Medical Center in 2014 before returning to the Department of Defense that same year to work as a Transportation Assistant in Ramstein, Germany. *See id.* ¶¶ 19–22.

In this lawsuit, McGrone brings claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") against the Secretary of Defense (the "Secretary"), alleging that he suffered age and race-based discrimination and retaliation in

connection with events that occurred during, and ultimately resulted in the termination of, his posting in Germany. *See id.* ¶¶ 111–36. McGrone alleges that his supervisors discriminated and retaliated against him when he was passed over for a promotion in 2017, *id.* ¶¶ 46–63; that his supervisors retaliated against him by failing to provide paperwork he needed in order to accept an offer for a job in Denver with the VA, *id.* ¶¶ 70–76; that his supervisors discriminated and retaliated against him by denying his request to extend his tour in Germany, *id.* ¶¶ 77–95, 100; that his supervisors discriminated and retaliated against him by denying him participation in a program that might have extended his tour, *id.* ¶¶ 96–100; and that his supervisors discriminated and retaliated against him when he was again passed over for a promotion in 2019, *id.* ¶¶ 101–110.

The Secretary responded with a Federal Rule of Civil Procedure 12(b)(3) motion seeking dismissal for improper venue, or, in the alternative, transfer of the action to the Eastern District of Virginia. Def.'s Mot. Dismiss & for Summ. J., ECF No. 10. The motion alternatively asks that the Court dismiss certain of McGrone's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and enter summary judgment in the Secretary's favor on others pursuant to Federal Rule of Civil Procedure 56. *Id.* In response, McGrone insists that venue is proper in the District of Columbia, requests the opportunity to take discovery under Federal Rule of Civil Procedure 56(d) in advance of any summary judgment decision, and opposes Rule 12(b)(6) dismissal and summary judgment on the merits. ECF Nos. 16, 17, 18.

As the Court will explain, venue does not lie in the District of Columbia; therefore, the Court shall transfer the action to the Eastern District of Virginia. Accordingly, the Court does not rule on the merits of the parties' remaining motions, which are for the transferee court to consider in the first instance. *See Beckford v. Esper*, No. CV 18-940, 2018 WL 4778930, at *3

(D.D.C. Oct. 3, 2018); *Saran v. Harvey*, No. CIV.A. 04-1847, 2005 WL 1106347, at *4 n.4 (D.D.C. May 9, 2005). The Court will deny these motions without prejudice and they can be renewed once the transfer is effected.

## II.  LEGAL STANDARD

When "considering a Rule 12(b)(3) motion [to dismiss for improper venue], the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. The court, however, need not accept the plaintiff's legal conclusions as true." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002) (citation omitted). The party objecting to venue must present sufficient facts to put the plaintiff on notice that there is a defect in venue. *See McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014), *aff'd*, 602 Fed. App'x 836 (D.C. Cir. 2015). "Nevertheless, the burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum." *Id.* (citation and internal quotation marks omitted). "The court may resolve the motion on the basis of the complaint alone, or, as necessary, examine facts outside the complaint that are presented by the parties, while drawing reasonable inferences in favor of the plaintiff." *Id.* (citation omitted). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011). "If a plaintiff brings suit in a district that does not satisfy . . . the venue requirements . . . , venue is improper and [the] court must dismiss the case, or if it is in the interests of justice, transfer the case to a proper venue under 28 U.S.C. § 1406(a)." *Vasser v. McDonald*, 72 F. Supp. 3d 269, 277 (D.D.C. 2014); 28 U.S.C. § 1406(a) ("The district court of a district in which

is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### III.  ANALYSIS

**A.  The District of Columbia is Not a Proper Venue for McGrone's Title VII Claims**

In his opposition to the Secretary's claim that venue is improper in the District of Columbia, McGrone relies on the general venue statute, 28 U.S.C. § 1391(b), (e).  Pl.'s Opp'n Def.'s Mot. Dismiss at 8–13 ("Opp'n"), ECF No. 17.  But a specific venue statute, rather than the general statute, governs his Title VII claims.  A Title VII action may be brought:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  The statute further provides that "[f]or purposes of section[] . . . 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."  *Id.*

None of the statute's four venue possibilities applies to the District of Columbia.  The Complaint alleges that DOD discriminated and retaliated against McGrone in Germany, not the District of Columbia.  Compl. ¶¶ 46–110; *see Jones v. Hagel*, 956 F. Supp. 2d 284, 289 (D.D.C. 2013) ("[V]enue cannot lie in the District of Columbia when a substantial part, if not all, of the employment practices challenged in [the] action took place outside the District even when actions taken in the District may have had an impact on the plaintiff's situation." (cleaned up)).  To skip over the second statutory location for the moment, McGrone would not have worked in the District of Columbia but for the alleged discrimination and retaliation; instead, he would have been able to either continue his tour in Germany or work for the VA in Colorado.  *See id.*

Nor does the fourth category apply. Courts have consistently held that the Secretary of Defense's "principal office" is not in the District of Columbia, but rather at the Pentagon—which is located in the Eastern District of Virginia. *Webster v. Mattis*, 279 F. Supp. 3d 14, 18–19 (D.D.C. 2017); *Jones*, 956 F. Supp. 2d at 288 n.3; *Jackson-Spells v. Rumsfeld*, 457 F. Supp. 2d 39, 40 & n.1 (D.D.C. 2006); *Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 18 (D.D.C. 2002).

Returning to the second statutory location, "the judicial district in which the employment records relevant to such practice are maintained and administered," 42 U.S.C. § 2000e-5(f)(3), nothing in the Complaint suggests that any records relevant to the alleged discrimination and retaliation against McGrone are kept in the District of Columbia. *See Tildon v. Alexander*, 587 F. Supp. 2d 242, 244 (D.D.C. 2008). McGrone notes that both before and after his DOD tour in Germany, his employer was the VA, which is headquartered in the District of Columbia. Compl. ¶¶ 13, 19, 74. He claims in his opposition brief, without citation to the Complaint or any evidence, that "his employment records most probable than not, are with the VA, in D.C." Opp'n at 3, 11. In a somewhat contradictory assertion, McGrone also writes in his brief (again without citation) that it is more "likely than not" that the Office of Personnel Management ("OPM") in Washington D.C. holds his records. *Id.* at 12. But this unsupported speculation is not sufficient to meet McGrone's burden to establish that venue is proper in his chosen forum. *See McCain*, 13 F. Supp. 3d at 51.

Moreover, the statute requires that the records be "relevant to" the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). All of the discrimination and retaliation alleged in the Complaint took place in Germany at the hands of *DOD* officials. Any of McGrone's VA records would tell us nothing about these allegations. McGrone has not suggested, let alone established, that any records pertaining to his Germany tour would have

5

been transferred from the DOD to the VA or that these would necessarily be kept in Washington, D.C. McGrone's assertion about VA records is therefore not only unsupported, but also irrelevant. As none of the four statutory locations applies, the District of Columbia is not a proper venue for McGrone's Title VII claims. *Beckford*, 2018 WL 4778930, at *2 ("Where a plaintiff brings suit in a jurisdiction that does not satisfy any of the four prongs listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper.").

### B. The Court Will Transfer, Rather Than Dismiss, McGrone's Title VII Claims

The Court's conclusion that venue cannot lie in the District of Columbia for McGrone's Title VII claims renders it unable to adjudicate the case further. It must instead either transfer or dismiss these claims: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court grants McGrone's request to transfer rather than dismiss his Title VII claims. *See* Opp'n at 13–14.

Although "[t]he decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), "[g]enerally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them," *Jones*, 956 F. Supp. 2d at 288 (quoting *Darby*, 231 F. Supp. 2d at 277). There is nothing to suggest that this general rule should not control here. The Secretary does not provide any reason to support his request that the Court dismiss rather than transfer. And though McGrone does not explain it in this way, his decision to file in this district may have been the result of "understandable confusion" occasioned by the Secretary's maintenance of a District of Columbia address. *Beckford*, 2018

6

WL 4778930, at *3; Compl. at 1 (listing a District of Columbia address for the Secretary). Moreover, the Court's "peek at the merits" reveals that "substantive issues . . . remain in dispute," which makes transfer, rather than dismissal, appropriate. *Id.* at *2–3 (citations omitted).

Therefore, the Court will transfer the Title VII claims across the Potomac River to the Eastern District of Virginia, where the Secretary maintains his principal office. Venue exists there,[1] as does personal jurisdiction over the Secretary, so the Eastern District of Virginia is an appropriate transfer destination, *see Tildon*, 587 F. Supp. 2d at 244, as well as a permissible one, 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); 42 U.S.C. § 2000e-5(f)(3) ("For purposes of section[] . . . 1406 of Title 28, the judicial district in which the respondent has his

---

[1] Based on the current record, either the third or fourth § 2000e-5(f)(3) provision governs venue for the Title VII claims in this case, and each would point to the Eastern District of Virginia. Though the record does not so establish, the relevant documents *might* be maintained at the Pentagon, in which case venue would be proper in the Eastern District of Virginia under the third provision. Or the relevant records might be maintained in Germany or in some central repository elsewhere. *See Gardner v. Mabus*, 49 F. Supp. 3d 44, 47 (D.D.C. 2014) (noting that a Navy employee's "personnel folder [was] located at the National Personnel Records Center in Valmeyer, Illinois, and [that] other records [were] maintained in Virginia, not the District of Columbia"). In either of these instances, the record would not support a conclusion that the Secretary "is . . . found" within any district where relevant records are maintained. 42 U.S.C. § 2000e-5(f)(3). Therefore, the fourth, catch-all provision of § 2000e-5(f)(3) would apply: "if the respondent is not found within any [of the] district[s specified in the first three provisions], . . . [the] action may be brought within the judicial district in which the respondent has his principal office." *Id.* The Secretary's principal office is in the Pentagon, so venue for the Title VII claims would lie in the Eastern District of Virginia. *See Webster*, 279 F. Supp. 3d at 18–19. To be sure, it is also theoretically possible that some of McGrone's relevant DOD records might be in the District of Columbia, but McGrone has not so alleged either in the Complaint or in his briefing, in notable contrast to his assertions regarding VA and OPM records.

principal office shall in all cases be considered a district in which the action might have been brought.").

### C. The Court Will Not Split McGrone's Title VII Claims from his ADEA Claims

Unlike his Title VII claims, McGrone's ADEA claims are subject to the general venue statute, 28 U.S.C. § 1391. *Webster*, 279 F. Supp. 3d at 19. As relevant, the general statute provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . a defendant in the action resides.

28 U.S.C. § 1391(e)(1). The Secretary "'resides' where he conducts his official duties," and the Secretary of Defense "'performs a significant amount of his official duties' in both Washington, D.C. and at the Pentagon in Virginia." *Webster*, 279 F. Supp. 3d at 19 (first citing *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978); and then citing *Bartman v. Cheney*, 827 F. Supp. 1, 2 (D.D.C. 1993)). Thus, the District of Columbia is likely a proper venue for the ADEA claims. *Bartman*, 827 F. Supp. at 2; *see Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007).

Still, retaining the ADEA claims would require splitting them from the Title VII claims, even though each set of claims involves overlapping events and evidence. *See* Compl. ¶¶ 111–36. "It is in the interest of justice to transfer the entire complaint rather than have it heard in two different venues." *In re O'Leska*, No. 00-5339, 2000 WL 1946653, at *1 (D.C. Cir. Dec. 7, 2000) (per curiam). Thus, when venue is proper for certain of a plaintiff's claims but not others, courts in this district routinely transfer the entire action to a district where all claims may be heard. *Gardner*, 49 F. Supp. 3d at 47–48; *Tildon*, 587 F. Supp. 2d at 244 n.1; *Jyachosky v. Winter*, No. CIV.A.04-01733, 2006 WL 1805607, at *4 (D.D.C. June 29, 2006); *Saran*, 2005

WL 1106347, at *4.  As the Court has explained, venue is proper in the Eastern District of Virginia for the Title VII claims.  The same is true for the ADEA claims, as the Secretary "resides" for § 1391(e)(1) purposes both in the District of Columbia and the Eastern District of Virginia.  Accordingly, the Court will transfer the entire action to the Eastern District of Virginia.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer or Dismiss and For Summary Judgment (ECF Nos. 10, 11) is **GRANTED IN PART AND DENIED IN PART** without prejudice.  Plaintiff's Motion for Discovery (ECF Nos. 15, 16) is **DENIED** without prejudice.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  03/25/2022                                                                       RUDOLPH CONTRERAS
                                                                                                            United States District Judge